IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

|  |  |  |
|---|---|---|
| WILLIAM J. COOK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 2:05-CV-0182-RWS |
| | : | |
| FORTIS INSURANCE | : | |
| COMPANY d/b/a ASSURANT | : | |
| HEALTH, d/b/a TIME | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

**<u>ORDER</u>**

Plaintiff William J. Cook, proceeding *pro se*, initiated this suit on November 3, 2005 in the Superior Court of Forsyth County, Georgia, against Defendant Fortis Insurance Company, d/b/a Assurant Health, d/b/a Time Insurance Company. The gravamen of his Complaint is that Defendant has interpreted and applied his health insurance policy to require him to meet a $5,000 deductible, then a $1,000 deductible under a 80/20 allocation of costs

AO 72A
(Rev.8/82)

between Defendant and himself, and only after those deductibles are met does it assume liability for 100% of his medical expenses.  He states that this is contrary to his understanding of the insurance contract, which he reads to require only a $5,000 deductible that is to be borne by the parties from the outset under an 80/20 allocation.  He charges, in three counts, that Defendant has failed to adhere to its obligation to ensure that the insurance contract is "non-ambiguous" (Count I), "non-contradictory" (Count II), and "does not lend itself to a fraudulent interpretation" (Count III).  He states that, due to Defendant's wrongful conduct and "fraud," he has been forced to bear medical expenses totaling at least $11,522.00.  He seeks compensatory damages, interest, expenses, costs, and "whatever punitive award the Court deems appropriate to dissuade Defendant from acting in bad faith and defrauding others in the future[.]"  (See Compl. [1] at "Count IV.")

  Defendant removed the action to federal court on December 8, 2005, relying on diversity jurisdiction.  Plaintiff objects to removal, and asks that the Court remand the action.

  Removal typically requires that the relevant lawsuit pending in the state court be one that could have originally been filed in the federal forum.  See 28

U.S.C. § 1441.  Original jurisdiction predicated on diversity of citizenship demands both "complete diversity" (i.e., that every plaintiff be diverse from every defendant), and satisfaction of the amount-in-controversy requirement–presently, a sum in excess of $75,000, "exclusive of interest and costs[.]"  See 28 U.S.C. § 1332(a); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

The party seeking removal bears the burden of establishing federal jurisdiction.  Friedman v. N.Y. Life Ins. Co, 410 F.3d 1350, 1353 (11th Cir. 2005).  Removal statutes should be construed narrowly with any doubt resolved in favor of remand.  Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").  Sound reasons exist for so limiting the exercise of removal jurisdiction.  Initially, the removal of causes to federal courts implicates principles of federalism.  As the Supreme Court has explained:

3

> The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941) (quoting Healy v. Ratta, 292 U.S. 263, 270, 54 S. Ct. 700, 78 L. Ed. 1248 (1934)). What is more, resolving any doubt in favor of remand "prevents exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal, a result that is costly not just for the plaintiff, but for all the parties and for society when the case must be relitigated." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotations omitted).

Plaintiff contends that several reasons exist for remanding this action to state court. The Court finds all but one to lack merit, but that one defect in removal–the failure of Defendant to show that Plaintiff's suit involves the requisite amount-in-controversy–requires remand.

Plainly, Plaintiff's demand for compensatory damages of $11,522.00 falls markedly short of § 1332's $75,000.01 jurisdictional threshold. Plaintiff's

4

demand for interest and costs of litigation, moreover, does nothing to cure this $63,478.01 shortfall.  See 28 U.S.C. § 1332(a); Golden v. Dodge-Markham Co., 1 F. Supp. 2d 1360, 1366 (M.D. Fla. 1998) ("Pursuant to [the statute], interest and costs are excluded when determining the amount in controversy.").  Indeed, the only argument advanced by Defendant that would tend to assist it in bridging the $63,478.01 deficit is that Plaintiff's request for an unspecified punitive award sufficiently augments his low compensatory damage demand to satisfy § 1332(a).  That argument, while perhaps colorable, ultimately fails to convince this Court that retention of jurisdiction would be appropriate.

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); see also Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds in Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).  It is consequently not sufficient that the defendant prove the amount-in-controversy "may" exceed the jurisdictional threshold.  Tapscott, 77 F.3d at 1357; Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256 (N.D. Ga. 1996).  "More likely than not,"

rather, is the benchmark for jurisdiction.

In the present case, for punitive damages to fill the $63,478.01 void between Plaintiff's alleged actual damages and the amount-in-controversy requirement of § 1332, Plaintiff would have to recover a punitive sum 5.5 times the sought-after compensatory award. Although <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996) (elucidating due process limitations on punitive damages), and <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003) (same), do not absolutely foreclose such a recovery, the decisions detract mightily from any argument that the amount-in-controversy here "more likely than not" exceeds the jurisdictional requirement. <u>See</u> <u>State Farm</u>, 538 U.S. at 425 (while declining to impose bright-line ratio, reiterated that "an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety"); <u>see also</u> <u>Bogle v. McClure</u>, 332 F.3d 1347, 1362 (11th Cir. 2003); <u>Coosada Trucking Co. v. CIT Fin., USA, Inc.</u>, Case No. 2:01-CV-553-F, 2004 WL 3584072 (M.D. Ala. May 14, 2004), <u>aff'd</u> 132 Fed. Appx. 816 (11th Cir. June 1, 2005). Indeed, in view of the conduct Plaintiff challenges in his Complaint, the Court would be inclined to

AO 72A
(Rev.8/82)

find a $63,478.01 punitive award highly disproportionate to any wrong Defendant purportedly committed, and thus, almost certainly unsustainable under the Due Process Clause.

In sum, the Court does not find that Defendant has carried its burden of proving, by a preponderance of the evidence, that the amount-in-controversy here exceeds the jurisdictional requirement.  Plaintiff's Motion to Remand [2] is **GRANTED**.  The Court declines to consider the remaining motions on its docket ([3, 5]) in light of this determination.  This case is **REMANDED** to the Superior Court of Forsyth County, Georgia.

**SO ORDERED** this   13th   day of February, 2006.

/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE